UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00102-GNS-HBB

KUMSOOK "KIM" OH HUFF                                                                    PLAINTIFF

v.

CASEY COUNTY, KENTUCKY et al.                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (DN 63). The motion is ripe for adjudication.

**I.     BACKGROUND**

This action arises from the traffic stop of Plaintiff Kumsook Oh Huff ("Oh Huff"), an Asian American woman, in Liberty, Kentucky. (2d Am. Compl. ¶¶ 22-24, DN 57). Plaintiff alleges misconduct by law enforcement officers from the Casey County Sheriff's Department ("CCSD") and the Liberty Police Department relating to the traffic stop and later mistreatment by employees of the Casey County Detention Center ("CCDC"). (2d Am. Compl. ¶¶ 22-97).

The criminal charges against Oh Huff relating to the traffic stop were ultimately dismissed with prejudice. (2d Am. Comp. ¶ 98). Oh Huff then filed this action against various Defendants, *inter alia*, Casey County, and Casey County Sheriff Jerry Coffman ("Coffman") in his individual and official capacities, asserting federal claims under 42 U.S.C. §§ 1983, 1985, and 1986, and state law claims against the named Defendants. (Compl. ¶¶ 9-10, 100-49, DN 1). While Casey County Sheriff Chad Weddle ("Weddle") was not initially a party to this action, Oh Huff was granted leave to file the Second Amended Complaint, which substituted Weddle as a named defendant for

Coffman and asserted both official and individual capacity claims against Weddle. (2d Am. Compl. ¶ 11). During the relevant time period, Oh Huff alleges Weddle was the Casey County Sheriff and supervised deputies in the CCSD. (2d Am. Compl. ¶ 11). Weddle moves to dismiss the claims asserted against him pursuant to Fed. R. Civ. P. 12(b)(6) on various grounds.

## II.    JURISDICTION

The Court exercises subject-matter jurisdiction over this action based upon federal question jurisdiction and supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. §§ 1331, 1367(a).

## III.   STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true," but it is not required to "accept a 'bare assertion of legal conclusions.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). A pleading which offers only labels, a formulaic recitation of a claim's elements, or generalized assertions without factual support does not meet this burden. *See Iqbal*, 556 U.S. at 678. Facts "'merely consistent with' a defendant's liability" or that "do not permit the court to infer more than the mere possibility of misconduct" are inadequate, as it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678-79 (citations omitted).

## IV. DISCUSSION

### A. Fed. R. Civ. P. 15(c)

As a threshold issue, the parties dispute whether Oh Huff's claims against Weddle relate back under Fed. R. Civ. P. 15(c) or are barred by the applicable statute of limitations. (Def.'s Mot. Dismiss 4-8, 10-11, DN 63; Pl.'s Resp. Def.'s Mot. Dismiss 8-11, DN 67).

In the Second Amended Complaint, Oh Huff asserts federal claims against Weddle under 42 U.S.C. §§ 1983 and 1986, and a state law negligence claim. (2d Am. Compl. ¶¶ 111-18, 137-40, 144-46). Each of those claims has a one-year statute of limitations. *See Thomas v. Mayo*, No. 3:21-CV-549-RGJ, 2024 WL 116424, at *2, *7 (W.D. Ky. Jan. 10, 2024) (citations omitted) (noting that Section 1983 and negligence claims are subject to the one-year personal injury statute of limitations in KRS 413.140(1)(a)); 42 U.S.C. § 1986 (establishing a one-year statute of limitations).

The alleged wrongful acts giving arise to the claims against Weddle occurred between August 22 and 23, 2022, and therefore must have been asserted by August 23, 2023, at the latest. While this action was filed on August 1, 2023, the claims now asserted against Weddle were previously asserted against Coffman in the Complaint and First Amended Complaint. (Compl. ¶¶ 11, 112-19, 138-41, 145-47, DN 1; 1st Am. Compl. ¶¶ 11, 112-19, 138-41, 145-49, DN 40). Oh Huff's motion for leave to file the Second Amended Complaint was not filed until December 5, 2023—after the expiration of the relevant limitations periods. (Pl.'s Mot. Amend, DN 48). Accordingly, the claims against Weddle will only relate back if Oh Huff can satisfy the requirements of Fed. R. Civ. P. 15(c).

This relation back issue involves the mistaken identity of a proper party and the subsequent request to change the party against whom claims are asserted, rather than add a new party. *See*

*Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 616 (6th Cir. 2014) ("An amendment that 'changes the party . . . against whom a claim is asserted' relates back under Rule 15 if the remaining requirements of Rule 15(c)(1)(C) are met." (citing Fed. R. Civ. P. 15(c); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). In relevant part, Fed. R. Civ. P. 15 provides:

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). "As explained by the Sixth Circuit in *Brown v. Shaner*, 172 F.3d 927 (6th Cir. 1999), the conjunctions connecting Rule 15(c)'s three parts is or—not and." *Penman v. Correct Care Sols.*, No. 5:18-CV-58-TBR, 2018 WL 6242132, at *3 (W.D. Ky. Nov. 28, 2018).

While Weddle maintains that Oh Huff cannot satisfy any of the three subsections, the most appropriate focus is on Fed. R. Civ. P. 15(c)(1)(C). (Def.'s Mot. Dismiss 6-8). To meet the requirements of Fed. R. Civ. P. 15(c)(1)(C), Oh Huff must show that:

> (1) the claim sought to be amended arose out of the conduct or occurrence alleged or attempted to be alleged in the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint.

*Coy v. Louisville Jefferson Metro Gov't*, No. 3:06-cv-587-S, 2007 WL 3342368, at *3 (W.D. Ky. Nov. 7, 2007) (citing Fed. R. Civ. P. 15(c)(3)). "A defendant's actual knowledge of the complaint

and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c)). The claims asserted against Weddle clearly arise out of the same conduct or occurrence at issue in the initial Complaint. Therefore, that requirement is easily satisfied.

Oh Huff must also show that Weddle received actual notice or constructive notice of the lawsuit within the 120 days of the filing of this lawsuit, so that he would not be prejudiced in defending this action. As she notes, the Sixth Circuit has recognized that constructive notice of the lawsuit is sufficient to satisfy Fed. R. Civ. P. 15(c). *See Brendt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986) (citing *Kirk v. Cronvich*, 629 F.2d 404, 407-08 (5th Cir. 1980), *overruled on other grounds as recognized in Sanders-Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010)); *see also Burdine v. Szilagyi*, No. 3:98CV7094, 1999 WL 675294, at *3-4 (N.D. Ohio Aug. 20, 1999) (holding there were constructive notice because the parties named in the amendment shared the same counsel as the original defendants). The record reflects that the initial summons issued for Coffman and the Casey County Sheriff to be served via U.S.P.S. certified mail were addressed to the same P.O. Box and were served within 120 days of the filing of this action. (Proof Service, DN 9; Proof Service, DN 15). That identical P.O. Box was then later used for the same manner of service on Weddle. (Proof Service, DN 61). In addition, courts "have held that the requisite notice of an action can be imputed to a new defendant through his attorney who also represented the party or parties originally sued." *Kirk*, 629 F.2d at 408 (citations omitted). Weddle is represented by the same attorneys that represented Coffman, and those attorneys still represent many of the Defendants including the Casey County Sheriff and Casey County.

5

Finally, the record reflects that Weddle should have known that he was the proper party from the outset. The subject incident involving Casey County Sheriff's Department deputies occurred on his watch, not his predecessor's, and the Casey County Sheriff has been a named party from the outset. (Compl. ¶¶ 9-10; 1st Am. Compl. ¶¶ 9-10; 2d Am. Compl. ¶¶ 9-10). Therefore, the initial Complaint clearly indicates that Weddle was one of the intended defendants in this action. *See Berndt*, 796 F.2d at 882.

In arguing that the Section 1983 claim does not relate back, Weddle relies on a sister court's decision in *Sparks v. Kroger Limited Partnership*, No. 6:17-CV-00147-GFTV, 2018 WL 3594972 (E.D. Ky. July 26, 2018), which held that KRS 413.140 does not permit a personal injury claim to relate back. (Def.'s Mot. Dismiss 6). Both of the cases *Sparks* cites on this issue—*Nolph v. Scott*, 725 S.W.2d 860 (Ky. 1987), and *Phillips v. Lexington-Fayette Urban County Government*, 331 S.W.3d 629 (Ky. App. 2010)—involved whether a claim related back under Ky. R. Civ. P. ("CR") 15.03[1] or were barred by the statute of limitations in KRS 413.140, and those cases do not support the proposition for which they were cited in *Sparks*. If that proposition were true, there would be a plethora of federal cases applying KRS 413.140 in which Section 1983 claims were not permitted to relate back notwithstanding Fed. R. Civ. P. 15(c), and Weddle has cited no other federal or Kentucky decisions supporting or relying on the holding in *Sparks*. Thus, *Sparks* does not support dismissal of the claims against Weddle.

Similarly, Weddle asserts that Section 1986 does not allow a claim to relate back under Fed. R. Civ. P. 15(c)(1)(A), but he fails to cite any authority for this proposition. (Def.'s Mot.

---

[1] CR 15.03 "is substantially the same as [Fed. R. Civ. P.] 15(c)." 6 David V. Kramer, *Kentucky Practice Series Rules of Civil Procedure* Rule 15.03 cmt. 1 (Aug. 2023 update).

Dismiss 9). Accordingly, he has not shown that Fed. R. Civ. P. 15(c) would not allow Oh Huff's Section 1986 claim to relate back to him for the reasons stated above.

For these reasons, Oh Huff's claims against Weddle asserted in the Second Amended Complaint relate back pursuant to Fed. R. Civ. P. 15(c)(1)(C). Weddle's motion is denied on this basis.

B.  **Sufficiency of Allegations in Counts IV, IX, and X**

Weddle also challenges the sufficiency of the claims asserted against him in Counts IV, IX, and X of the Second Amended Complaint. (Def.'s Mot. Dismiss 2-4, 8, 10-12).

1.  *Count IV - 42 U.S.C. § 1983*

Weddle contends that Oh Huff has failed to state a vicarious liability claim against him in Count IV of the Second Amended Complaint. (Def.'s Mot. Dismiss 3-4). In her response, Oh Huff argues that Count IV asserts vicarious liability claims under both Section 1983 and state law. (Pl.'s Resp. Def.'s Mot. Dismiss 4-8).

a.  **Official Capacity**

Oh Huff states that Count IV asserts a Section 1983 claim against Weddle in his official capacity. (Pl.'s Resp. Def.'s Mot. Dismiss 4-6). To the extent that it does, Weddle seeks to dismiss Count IV as duplicative because the Casey County Sheriff and Casey County are also parties to this action. (Def.'s Reply Mot. Dismiss 1-2, DN 68). The claim states, in part, that "pursuant to KRS 70.040, the office of the sheriff shall be liable for the acts or omissions of its deputies." (2d Am. Compl. ¶ 113). Thus, as alleged, Oh Huff is asserting a claim against the Casey County Sheriff, which is really a claim against Casey County. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."). Accordingly,

7

Count IV is dismissed to the extent that it asserts a Section 1983 claim against Weddle in his official capacity because Oh Huff has also asserted a *Monell* claim against Casey County in Count V. *See Owens v. Trulock*, No. 1:18-CV-00167-GNS-HBB, 2020 WL 376658, at *2 (W.D. Ky. Jan. 23, 2020) (citations omitted); *Welsh v. Grayson Cnty. Det. Ctr.*, No. 4:05CV-00151-ERG, 2007 WL 1200267, at *20 (W.D. Ky. Apr. 23, 2007).

### b. Individual Capacity

To the extent Oh Huff also contends that she intended to assert a Section 1983 claim against Weddle in his individual capacity, Weddle seeks dismissal of the claim based on the sufficiency of the allegations and the defense of qualified immunity. (Pl.'s Resp. Def.'s Mot. Dismiss 7-8; Def.'s Reply Mot. Dismiss 2-3).

### i. Sufficiency of Allegations

As the Sixth Circuit has explained:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (alteration in original) (internal citations omitted). Furthermore, "[a]s part of this inquiry, this court also considers whether there is a causal connection between the defendant's wrongful conduct and the violation alleged." *Id.*

While Weddle disputes the allegations in the Second Amended Complaint, Oh Huff has stated a claim based on Weddle's failure to supervise and train the deputies within the CCSD. She alleges that such supervision and training was obvious, and that Weddle's failure to do so showed a deliberate indifference to Oh Huff's constitutional rights. (2d Am. Compl. ¶¶ 113, 115-16). Oh Huff also alleges that Weddle's failure to train and supervise the deputies was done knowingly and

8

deliberately, and caused the violation of her rights. (2d Am. Compl. ¶¶ 117-18). Thus, Oh Huff has stated a Section 1983 claim against Weddle in his individual capacity.

### ii. Qualified Immunity

Weddle also asserts that the defense qualified immunity bars this claim. Under federal law, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citing *Procunier v. Navarette*, 434 U.S. 555, 565 (1978); *Wood v. Strickland*, 420 U.S. 308, 322 (1975)). "Qualified immunity is a defense only to individual capacity claims." *Meogrossi v. Aubrey*, No. 3:09CV-00301-JDM, 2011 WL 1235063, at *6 (W.D. Ky. Mar. 31, 2011).

To determine whether a defendant is entitled to qualified immunity, a court must consider: (i) whether "based on applicable law and the facts viewed in the light most favorable to the plaintiff, has a constitutional violation occurred"; and (ii) if so, whether "the constitutional right [was] 'clearly established' at the time of violation." *Penman v. Correct Care Sols.*, No. 5:18-CV-58-TBR, 2018 WL 6220921, at *8 (W.D. Ky. Nov. 28, 2018) (citing *Bell v. Johnson*, 308 F.3d 594, 601 (6th Cir. 2002); *Saucier v. Katz*, 533 U.S. 194 (2001)). Both inquiries must be resolved in the plaintiff's favor. *See Hoskins v. Knox Cnty.*, No. 17-84-DLB-HAI, 2018 WL 1352163, at *19 (E.D. Ky. Mar. 15, 2018). "The Plaintiff bears 'the burden of showing that' the Defendants are 'not entitled to qualified immunity.'" *Id.* (citation omitted).

As the Sixth Circuit has recognized, however, it is inappropriate for a court to resolve the applicability of qualified immunity in ruling on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) ("[I]t is generally

9

inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an officer's entitle[ment] to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." (alteration in original) (internal quotation marks omitted) (internal citation omitted) (citation omitted)). At this stage of the litigation, it would be inappropriate for the determine whether any claims are precluded by qualified immunity without affording Oh Huff the opportunity to conduct discovery, and his motion will be denied on this basis.

### 2. *Count IV – State Law*

#### a. **Official Capacity**

In her response, Oh Huff asserts that Count IV alleges state law claims of vicarious liability pursuant to KRS 70.040 and negligence against Weddle in his official capacity. (Pl.'s Resp. Def.'s Mot. Dismiss 4-7). As noted above, any official capacity claim asserted against Weddle is a claim against Casey County. *See Trulock*, 2020 WL 376658, at *3 (citation omitted); *Ky. Bd. of Claims v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001). Because of the separate negligence claim (Count IX) asserted against Casey County, these official capacity claims against Weddle will be dismissed as duplicative.

#### b. **Individual Capacity**

In addition, Oh Huff argues that Count IV asserts a negligence claim against Weddle in his individual capacity. (Pl.'s Resp. Def.'s Mot. Dismiss 6-7). Weddle also seeks dismissal of this claim based on the defense of qualified official immunity.[2] (Def.'s Mot. Dismiss 10). Under Kentucky law, public officials and employees enjoy qualified official immunity from liability

---

[2] While Weddle also argues that Counts IV and IX are duplicative claims, the Court declines to address that issue at this stage—which was not raised until Weddle's reply. (Def.'s Reply Mot. Dismiss 2).

10

arising from "the negligent performance by a public officer employee of (1) discretionary acts or functions . . . ; (2) in good faith; and (3) within the scope of the employee's authority." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) (internal citation omitted) (citations omitted). A discretionary act involves "the exercise of discretion and judgment" while a ministerial act is "one that requires only obedience to the orders of others . . . ." *Id.* (citation omitted). However, "[i]t is generally not appropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Wesley*, 779 F.3d at 433. It would be inappropriate for the Court to determine at this juncture whether any claims are precluded by qualified immunity without affording Oh Huff the opportunity to conduct discovery. The motion will be denied on this basis.

        **3.**      *Count IX - Negligence*

As with Count IV, Weddle seeks dismissal of negligence claim asserted in Count IX based on the defense of qualified official immunity, yet concedes that dismissal may be premature. (Def.'s Mot. Dismiss 10). As noted above, it would be inappropriate at this stage to the determine whether this defense would preclude Oh Huff's state law negligence claim, and Weddle's motion is therefore denied.

        **4.**      *Count X - Punitive Damages*

Finally, Weddle seeks dismissal of Count X in which Oh Huff asserts a claim for punitive damages. (Def.'s Mot. Dismiss 11-12). As this Court has noted, a claim for punitive damages is a potential remedy for a plaintiff's other claims and not a separate cause of action. *See Rapier v. Coloplast Corp.*, No. 3:20-CV-00405-GNS-RSE, 2022 WL 828949, at *5 (W.D. Ky. Mar. 18, 2022) ("[A] claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." (alteration in original) (quoting *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012))). Accordingly, this Court will dismiss Count X as

asserted against Weddle, but punitive damages may be sought to the extent recoverable if Oh Huff were to prevail on other counts in the Second Amended Complaint. *See Fields v. Hopson*, No. 1:23-CV-00015-GNS, 2024 WL 55566, at *5 (W.D. Ky. Jan. 4, 2024) (citation omitted).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 63) is **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

April 24, 2024

cc: counsel of record

12